99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Abiodun OGUNDIPE, Defendant-Appellant.
 No. 95-1101.
 United States Court of Appeals, Second Circuit.
 Dec. 26, 1995.
 
 APPEARING FOR APPELLANT: Christine E. Yaris, New York, New York
 APPEARING FOR APPELLEE: Judith Lieb, Assistant United States Attorney for the Eastern District of New York (Zachary W. Carter, United States Attorney, James Orenstein, Of Counsel), Brooklyn, New York.
 E.D.N.Y.
 AFFIRMED.
 Before FEINBERG, LEVAL and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Abiodun Ogundipe appeals from a judgment of the United States District Court for the Eastern District of New York, convicting him after a jury trial of various offenses relating to his participation in a heroin importing conspiracy. See 21 U.S.C. §§ 963, 952(a), 841(a)(1).[1]
 
 
 4
 Ogundipe contends principally that his rights to due process of law and compulsory process were violated by the district court's failure to adjourn the trial to permit counsel more time to prepare. He claims that the government delayed in turning over certain materials to the defense that it was required to provide, see Giglio v. United States, 405 U.S. 150 (1972); Brady v. Maryland, 373 U.S. 83 (1963); 18 U.S.C. § 3500, and that the government and lawyers for cooperating witnesses delayed in turning over subpoenaed impeachment materials. He argues that these unlawful delays caused his attorney to receive crucial materials too late for them to be used effectively at trial, with the consequence that the judge's refusal of an adjournment resulted in a functional denial of his right to have the materials at all.
 
 
 5
 It is not correct that the trial judge failed to grant any relief. The district court made reasonable efforts to accommodate defense counsel, rearranging the trial schedule and allowing pauses in the proceedings to permit counsel to prepare cross-examination. The trial judge also delayed the second day of the trial until the afternoon to provide defense counsel additional preparation time, and offered to make sure that the prosecution witness testifying on the first day of trial would be available for further cross-examination throughout trial should defense counsel want to resume the cross. Counsel did not avail herself of the opportunity to do so.
 
 
 6
 Such scheduling matters are substantially committed to the discretion of the trial judge. "To show abuse of that discretion, the defendant must demonstrate that the court's denial of a continuance was arbitrary and substantially impaired his defense." United States v. King, 762 F.2d 232, 235 (2d Cir.1985); see also United States v. Dennis, 843 F.2d 652, 653 n. 1 (2d Cir.1988). Ogundipe has failed to show either that the judge's refusal of further continuances was an abuse of discretion, or that it resulted in prejudice to the defense. His claim that the trial schedule deprived him of the use of materials produced is greatly exaggerated. Nor does he show what use he would have made of them given more time.
 
 
 7
 Ogundipe also asserts that the court's refusal of further delays rendered his counsel ineffective. We reject his claim that this case is comparable to the circumstances described in United States v. Cronic, 466 U.S. 648, 659-60 (1984), in which no lawyer could have provided effective assistance. Ogundipe must show "how specific errors of counsel undermined the reliability of the finding of guilt." Id. at 659 n. 26; see also United States v. Smith, 982 F.2d 757, 763 (2d Cir.1992). Ogundipe has made no such showing.
 
 
 8
 We accordingly affirm the conviction.
 
 
 
 [1]
 Ogundipe's trial was conducted before Judge Robert R. Merhige, Jr. of the United States District Court for the Eastern District of Virginia, sitting by designation in the Eastern District of New York. Judge Leo I. Glasser of the Eastern District of New York presided over certain pre-trial proceedings, and later imposed sentence